Patricia A. Scalia, Executive Director State Board of Indigents' Defense Services Jayhawk Walk 714 S.W. Jackson, Suite 200 Topeka, Kansas 66603-3714
Dear Ms. Scalia:
As Executive Director of the State Board of Indigents' Defense Services, you ask whether the Board is required to establish a reimbursement table for expert, investigative and other defense related services.
You explain that although the Board has developed a reimbursement table for appointed attorney fees[1] the Board has not developed such a table for other types of defense services. The Board offers the following explanation for not devising such a table:
 "Because of the vast difference from one case to another in the cost of defense services, other than attorney fees, from no cost to tens of thousands of dollars, a table for reimbursement would not be statistically valid. . . . Rather, the amount on any case using the services is requested and any amount is always subject to the discretion of the Court."
The absence of a reimbursement table for defense services other than attorney fees is called into question by two statutes within the Indigent Defense Services Act. The first is K.S.A. 2003 Supp.22-4522(e)(5):
 "The state board of indigents' defense services shall: . . . adopt rules and regulations . . . which are necessary for the operation of the board and the performance of its duties and for the guidance of appointed counsel, contract counsel and public defenders, including but not limited to: . . . adopt and maintain reimbursement tables which set forth the cost to the board of indigents' defense services for each separate category of services provided."
The second is K.S.A. 2003 Supp. 22-4513(a):
 "If the defendant is convicted, all expenditures made by the state board of indigents' defense services to provide counsel and other defense services to such defendant or the amount allowed by the board of indigents' defense reimbursement tables as provided in K.S.A. 22-4522 and amendments thereto, whichever is less, shall be taxed against the defendant and shall be enforced as judgments for payment of money in civil cases."
Additionally, we note that K.S.A. 2003 Supp. 22-4522(e)(2) requires that the Board adopt regulations for "standards and guidelines for compensation of appointed counsel and investigative, expert and other services within the limits of appropriations." The Board has done so in K.A.R. 105-5-1 et seq. (regarding attorney compensation), K.A.R. 105-6-1et seq. (regarding expenses allowed), K.A.R. 105-7-1et seq. (regarding investigative, expert or other services), and K.A.R. 105-8-1 et seq. (regarding court reporter services and transcripts). This statute is consistent with K.S.A. 22-4508:
 "Within the standards and guidelines adopted by the state board of indigents' defense services, the district court shall determine reasonable compensation for the [investigative, expert and other defense] services. . . ."
The Court then approves payment based on certification of the time expended, services rendered, expenses incurred on behalf of the defendant, and the compensation received in the same case or for the same services from another source.[2]
At first glance it would appear that K.S.A. 2003 Supp. 22-4522(e)(5) requires the Board to develop a reimbursement table for non-attorney defense services. However, the word "shall" as used in K.S.A. 2003 Supp.22-4522(e)(5) may be understood as either mandatory or directory. The Kansas Court of Appeals explained the rule of statutory construction for determining the appropriate meaning:
 "Whether language in a statute is mandatory or directory is determined on a case-by-case basis, and the criteria is whether compliance with the language is essential to preserve the rights of the parties. If it is essential to the preservation of the rights of the parties, the statute is mandatory. Factors indicating the provisions of a statute are mandatory are: (1) the use of negative words that require an act shall be done by no other method or at no other time than that stated, or (2) provision for a penalty or other consequence for noncompliance. The statute is directory where the provision establishes a manner of proceeding and a time within which an official act is to be done and is intended to secure order, system, and dispatch of the public business."[3]
K.S.A. 2003 Supp. 22-4522(e)(5) does not use negative words that would require reimbursement for non-attorney defense services be done by no method other than reimbursement tables. In fact, K.S.A. 2003 Supp. 22-4522
specifically authorizes an alternative for determining reimbursement amounts, i.e., authorizing the Board to adopt standards and guidelines by regulation, something the Board has done. Additionally, K.S.A. 2003 Supp. 22-4522(e)(5) does not establish a penalty or other consequence for noncompliance for not adopting reimbursement tables for non-attorney defense services. While this provision establishes a manner of proceeding by which reimbursement of non-attorney defense services may be determined, the Board's regulations provide sufficient guidance to accomplish this same purpose. In our opinion K.S.A. 2003 Supp.22-4522(e)(5) is a directory, not a mandatory, provision and thus the Board is not required to establish a reimbursement table for expert, investigative and other defense related services.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Camille Nohe Assistant Attorney General
PK:JLM:CN:jm
[1] www.ksbids.state.ks.us/forms/ac_forms.html
[2] K.S.A. 22-4508.
[3] Lyon-Coffey Elec. Co-op., Inc. v. State Corp. Com'n,29 Kan.App.2d 652, 660-61 (2001) (internal citations omitted).